IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT      TDCJ-CID #683064 | § § § | |
| V. | § | C.A. NO. C-06-108 |
| WILLIAM STEPHENS, ET AL. | § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED**
***IN FORMA PAUPERIS*, SUBJECT TO SANCTIONS**

Plaintiff, a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas, filed this civil rights action on March 6, 2006, seeking immediate injunctive relief on the grounds that his life is in danger, as well as compensatory damages for alleged past assaults. Plaintiff claims that he is in imminent danger of serious physical harm because the security staff assigned to 12-Building, where he is housed, have assaulted him in the past and continue to threaten to beat him. He relates that he arrived at the McConnell Unit on June 3, 2004, and immediately began receiving threats from the staff. He claims on August 12, 2004, Officer Michael Martinez repeatedly pounded him into the pavement, causing him to later experience blackouts and dizziness. On April 17, 2005, Officer Robert Ready struck him with a bar several times in the face, causing him to temporarily lose his vision. On December 28, 2005, Officer D. Stokley sprayed tear gas in his eyes and left him for a "prolonged period of time" in his cell, while he experienced difficulty breathing.

Plaintiff states that on June 23, 2004, he mailed I-60s to defendants Stephens, Castillo and Fernandez complaining of the June 2004 assault. On April 19, 2005, he sent I-60s to defendants Crites, Kennedy and Thorton, and on December 1, 2005, he sent I-60s to defendants Morales and Jackson complaining of staff abuse. Plaintiff claims that no defendant has responded back or taken

any action to protect him.  He seeks an immediate transfer off the McConnell Unit, as well as $1,000,000 in compensatory damages.

In his complaint, in response to question VII. A. concerning past sanctions: "Have you been sanctioned by any court as a result of any lawsuit you have filed?", plaintiff answered "No."  See D.E. 1, at 14.  In fact, however, plaintiff is a three-strikes litigant, having had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See  See Scott v. Bush, et al., 6:97cv005 (E.D. Tex. May 12, 1997); Scott v. Layton, et al., 6:97cv332 (E.D. Tex. Mar. 5, 1998); Scott v. Hunter, et al., 1:99cv003 (N.D. Tex. Jan. 11, 2000); Scott v. Groomer, et al., 2:02cv126 (N.D. Tex. 2002); and Scott v. Groomer, No. 03-10433 (5th Cir. Oct. 22, 2003).  Plaintiff has also had numerous actions dismissed due to his three-strikes status: Scott v. Stamps, et al., 2:99cv257 (N.D. Tex. Aug. 8, 2000); Scott v. Morgan, et al., 1:98cv151 (N.D. Tex. May 25, 2000); Scott v. FNU, 1:99cv216 (N.D. Tex. Nov. 16, 2000); Scott v. TDCJ, et al., No. 03-10189 (5th Cir. July 28, 2003).  Pursuant to the three-strikes rule, 28 U.S.C. § 1915(g), plaintiff is prohibited now from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical harm.  See Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

Plaintiff was untruthful about his litigation history.  However,  he has alleged imminent danger with specificity, such that his complaint does not appear frivolous on its face.  Considering these factors, plaintiff's application to proceed i.f.p. (D.E. 2, 3) is GRANTED, and a separate collection order will be entered, allowing plaintiff to pay the full $250.00 filing fee over time.  Moreover, by separate order, this case will be scheduled for an evidentiary hearing.  Plaintiff is

cautioned, however, that should his allegations of imminent danger have no basis in fact, he will be subject to monetary or other sanctions as deemed necessary.

ORDERED this 17th day of March 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE