IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT | § | |
|    TDCJ-CID #683064 | § | |
| | § | |
| VS. | § | C.A. NO. C-06-108 |
| | § | |
| WARDEN WILLIAM STEPHENS, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO RETAIN CASE

This case is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims be retained and service ordered on defendants.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff filed this civil rights action on March 6, 2006, complaining that he is in imminent danger of serious physical harm because the security staff assigned to 12-Building, where he is housed, routinely threaten to beat him, and in fact, have beaten him on several occasions.[1] He names as defendants the following McConnell Unit officials: Warden William Stephens; Assistant Warden Alfonso Castillo; Major Daniel Fernandez; Warden Crites; Assistant Warden Eileen Kennedy; Major Thorton; Warden Paul Morales; and Assistant Warden Norris Jackson.

A Spears[2] hearing was held on April 12, 2006. The following allegations were made in plaintiff's original complaint (D.E. 1) or at the evidentiary hearing:

Plaintiff arrived at the McConnell Unit on June 3, 2004, and immediately began receiving threats from the staff. On June 23, 2004, he mailed I-60s to defendants Stephens, Castillo and Fernandez advising them that he was being threatened by the staff. Plaintiff received no response to his I-60 complaints. On August 12, 2004, Officer Michael Martinez repeatedly "pounded" him into the pavement, causing him to later experience blackouts and dizziness. Plaintiff sued Officer

---

[1] Plaintiff is a three strikes litigant, having had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, such that he is now barred from proceeding *in forma pauperis* ("i.f.p.") unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); see Scott v. Bush, et al., 6:97cv005 (E.D. Tex. May 12, 1997); Scott v. Layton, et al., 6:97cv332 (E.D. Tex. Mar. 5, 1998); Scott v. Hunter, et al., 1:99cv003 (N.D. Tex. Jan. 11, 2000); Scott v. Groomer, et al., 2:02cv126 (N.D. Tex. 2002); and Scott v. Groomer, No. 03-10433 (5th Cir. Oct. 22, 2003). In this case, plaintiff's allegations of imminent danger were sufficiently detailed to grant him leave to proceed i.f.p. See D.E. 6, 7.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Martinez in state district court concerning that incident.

On April 17, 2005, Officer Robert Ready struck plaintiff with a bar several times in the face, causing him to temporarily lose his vision. On April 19, 2005, plaintiff sent I-60s to defendants Crites, Kennedy and Thorton complaining of the assault and staff abuse. He also sued Officer Ready in state district court. Plaintiff did not receive a response to his I-60 complaints.

On December 1, 2005, plaintiff sent I-60s to defendants Morales and Jackson complaining of staff abuse. On December 15, 2005, plaintiff filed a Step 1 grievance alleging that his life was in danger on 12 Building. See D.E. 1, at 17-18. In a response dated January 10, 2006, Warden Jackson wrote:

> An investigation into your complaint has been completed. This office has revealed no sufficient evidence to support your allegation of 12 Building Security Staff threatening to harm you. On 01/04/06 you refused to be interviewed by Major Fernandez. No further action warranted.

Id.

On December 28, 2005, Officer D. Stokley sprayed tear gas in plaintiff's eyes and left him for a "prolonged period of time" in his cell, while he experienced difficulty breathing. Plaintiff sued Officer Stokely in state district court.

At the Spears hearing, plaintiff testified that he did not want to pursue excessive force claims against the officers who had alleged assaulted him, but was bringing only failure to protect claims against the supervisory officials that knew he was at a serious risk of harm from security staff working 12-Building. Plaintiff seeks one million dollars in compensatory damages and an immediate transfer off the McConnell Unit.

### III. DISCUSSION

**A.     Legal standard.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Failure to protect.**

To establish a failure to protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 at 847; Cantu, 293 F.3d at 844. Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. Id. at 837.

If a plaintiff presents evidence showing that a substantial risk of attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and the circumstances suggest that the defendant-official being sued had been exposed to the information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk. Farmer, 511 U.S. at 842-43. In Adames v. Perez, 331 F.3d 508 (5th Cir. 2003), the Fifth Circuit vacated and remanded a jury verdict in favor of an inmate, holding that evidence of isolated, previous attacks was insufficient to show deliberate indifference to an inmate's safety health.

In this case, plaintiff claims that he began sending I-60 complaints to the official-defendants within the first weeks after his arrival on the McConnell Unit, and has continued to do so. He claims to have suffered injuries and has required repeated medical attention. He has repeatedly filed lawsuits in state district court against the officers that he claims have assaulted him. Plaintiff has alleged facts sufficient to state a claim for failure to protect against defendants.

## IV. **RECOMMENDATION**

It is respectfully recommended that plaintiff's failure to protect claim be retained on the Court's docket and service ordered on defendants.

Respectfully submitted this 21st day of June, 2006.

                                                                B. JANICE ELLINGTON
                                                                UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).