IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL SCOTT   §<br>   TDCJ-CID #683064   §<br>   §<br>VS.   §<br>   §<br>WARDEN WILLIAM STEPHENS, ET AL.   § | C.A. NO. C-06-108 |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANT WARDEN CRITES' MOTION TO DISMISS
AND TO GRANT PLAINTIFF'S MOTION TO AMEND COMPLAINT**

In this § 1983 civil rights action, plaintiff Michael Scott claims that defendants, who are employed as wardens or other supervisory officials at the McConnell Unit, failed to protect him from the violence of correctional officers under their charge, despite his repeated complaints to them. Defendant Warden Crites moves to dismiss plaintiff's claims against him on the grounds that he was not employed at the McConnell Unit during the times the alleged constitutional violations occurred. (D.E. 34, 35). Plaintiff has filed a response in opposition. (D.E. 39). In addition, plaintiff moves to amend his complaint to clarify the dates and allegations in his complaint. (D.E. 37). Defendants move to strike plaintiff's motion to amend. (D.E. 41).

For the reasons stated herein, it is respectfully recommended that defendant Crites' motion to dismiss (D.E. 34) be denied. It is further recommended that plaintiff's motion for leave to file his first amended complaint (D.E. 37) be granted, and defendants motion to strike the amended complaint (D.E. 41) be denied.[1]

---

[1]Because all three motions are interrelated, all are addressed in the memorandum and recommendation even though the motion for leave to amend and the motion to strike are not dispositive motions.

## I. Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. Plaintiff's allegations in his original complaint, at the *Spears* hearing, and in his amended complaint

Plaintiff filed this civil rights action on March 6, 2006, complaining that he is in imminent danger of serious physical harm because the McConnell Unit security staff assigned to 12-Building, where he is housed, routinely threaten to beat him, and in fact, have beaten him on several occasions. At an April 12, 2006, evidentiary hearing, plaintiff testified that he has personally complained to the following McConnell Unit officials: Warden William Stephens; Assistant Warden Alfonso Castillo; Major Daniel Fernandez; Warden Crites; Assistant Warden Eileen Kennedy; Major Thorton; Warden Paul Morales; and Assistant Warden Norris Jackson.

Plaintiff related that he arrived at the McConnell Unit on June 3, 2004, and immediately began receiving threats from the staff. On June 23, 2004, he mailed I-60s to defendants Stephens, Castillo and Fernandez advising them that he was being threatened by the staff. Plaintiff received no response to his I-60 complaints. On August 12, 2004, Officer Michael Martinez repeatedly "pounded" him into the pavement, causing him to later experience blackouts and dizziness. Plaintiff sued Officer Martinez in state district court concerning that incident.

On April 17, 2005, Officer Robert Ready struck plaintiff with a bar several times in the face, causing him to temporarily lose his vision. In his original complaint, plaintiff stated that, on April 19, 2005, he sent I-60s to defendants Crites, Kennedy and Thorton complaining of the assault and staff abuse. (See D.E. 1 at 15). In his amended complaint, plaintiff states that he sent the I-60s to only Kennedy and Thorton on April 19, 2005. (See D.E. 38 at 1). He claims that he complained

to Crites of the event only after he became head warden.  Id.        Plaintiff sued officer Ready in state court for assault.

On December 1, 2005, plaintiff sent I-60s to defendants Morales and Jackson complaining of staff abuse.  On December 15, 2005, plaintiff filed a Step 1 grievance alleging that his life was in danger on 12 Building.  (See D.E. 1, at 17-18).  In a response dated January 10, 2006, Warden Jackson wrote:

> An investigation into your complaint has been completed.  This office has revealed no sufficient evidence to support your allegation of 12 Building Security Staff threatening to harm you.  On 01/04/06 you refused to be interviewed by Major Fernandez.  No further action warranted.

Id.

On December 28, 2005, Officer D. Stokley sprayed tear gas in plaintiff's eyes and left him for a "prolonged period of time" in his cell, while he experienced difficulty breathing.  Plaintiff sued Officer Stokely in state district court.

At the Spears hearing, plaintiff testified that he did not want to pursue excessive force claims against the officers who had alleged assaulted him, but was bringing only failure to protect claims against the supervisory officials that knew he was at a serious risk of harm from security staff working 12-Building.  Plaintiff seeks one million dollars in compensatory damages and an immediate transfer off the McConnell Unit.

### III. DISCUSSION

**A.     Motion to Dismiss.**

A district court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when it is clear "that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Jones v. Greninger, 188 F.3d 322, 324(5th Cir. 1999) (per curiam). Here, Warden Crites moves to dismiss on the grounds that, during the "relevant time period," a period of time he identifies as between June 2004, through December 2005, he was not employed at the McConnell Unit, such that he could not have participated in the alleged violation of plaintiff's constitutional rights. (See D.E. 34). However, plaintiff's complaints are not limited to the time period identified by Warden Crites. Indeed, in his original complaint, plaintiff states that he is "presently under conditions ... that pose an imminent danger of him receiving a serious physical injury." (D.E. 1 at 14). There is no December 2005, cut-off date as suggested by Warden Crites.

In his amended complaint, plaintiff retracts the August 19, 2005 date as it pertains to Warden Crites and states that he complained to him about correctional officer assaults once he became head warden. (D.E. 38 at 1). The fact that Warden Crites was not working at the McConnell Unit on April 19, 2005, the only fact established by his motion to dismiss, is of no import. Warden Crites has not suggested that he has never been at the McConnell Unit during plaintiff's incarceration, nor has he specifically denied that plaintiff complained to him about correctional officer assaults. At this point in the litigation, it cannot be said that plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Greninger, 188 F.3d at 324. Accordingly, it is respectfully recommended that defendant Warden Crites' motion to dismiss (D.E. 34) be denied, and that

defendant Crites be ordered to file his answer within twenty days of entry of the order denying the motion to dismiss.

**B.      Motion to Amend.**

Plaintiff moves to amend his complaint.  (D.E. 37).  Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992).  In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, plaintiff is not seeking to add any new defendants or any new claims.  He is simply attempting to clarify his existing claims against the defendants that are already before the Court.

In their motion to strike the amended complaint (D.E. 41), defendants argue that plaintiff deleted the August 19, 2005 date, the date he previously claimed he sent Warden Crites an I-60, and has now failed to show that his proposed amended complaint was not made in bad faith or with dilatory motive.  As noted above, however, plaintiff has never limited his claims to December 2005, the date arbitrarily imposed by defendants.  In fact, plaintiff attached to his original complaint grievances dated as late as January 20, 2006.  (See D.E. 1 at 19).

Defendant Crites was served on June 27, 2006, along with the other six defendants. (See D.E. 20-27). He is represented by the Attorney General's Office, along with the other six defendants. Plaintiff raises one claim against all seven defendants: failure to protect in deliberate indifference to his health and safety in violation of the Eighth Amendment. The proposed amended complaint does not unfairly prejudice any defendant, and is not futile. It is respectfully recommended that defendants' motion to strike (D.E. 41) be denied and that plaintiff's motion for leave to amend (D.E. 37) be granted.

## IV. Recommendation

It is respectfully recommended that defendant Crites' motion to dismiss (D.E.34) be denied, and that defendant Crites be ordered to file his answer within twenty days of entry of the order denying his motion to dismiss. It is further recommended that plaintiff' motion for leave to file an amended complaint (D.E. 37) be granted, and that defendants' motion to strike (D.E. 41) be denied.

Respectfully submitted this 5th day of December, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).