IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT | § | |
|     TDCJ-CID #683064 | § | |
| | § | |
| V. | § | C.A. NO. C-06-108 |
| | § | |
| WILLIAM STEPHENS, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff has filed a motion for sanctions based on his belief that defendants have filed an untimely answer to his amended complaint. (D.E. 63). In addition, plaintiff contends that, in filing the answer untimely, defendants have disobeyed a Court order, and their counsel has "committed perjury" by signing the certificate of service, such that sanctions are warranted. Id. Defendants have filed a response in opposition. (D.E. 64). For the reasons stated herein, plaintiff's motion for sanctions is denied.

### I. Background

Plaintiff Michael Scott filed this civil rights action on March 6, 2006, alleging that, within the first few weeks of his arrival on the McConnell Unit, he began sending I-60s to defendants complaining about abuse by prison correctional officers, but that defendants failed to take steps to remedy the problem or to protect him from future attacks. (D.E. 1). Following an April 12, 2006, evidentiary hearing, service was ordered on the following defendants: Warden William Stephens; Assistant Warden Alfonso Castillo; Major Daniel Fernandez; Warden Crites; Assistant Warden Eileen Kennedy; Major Thorton; Warden Paul

Morales; and Assistant Warden Norris Jackson. (D.E. 11). Defendants filed their answer on September 21, 2006. (D.E. 33).

On October 17, 2006, plaintiff filed his first amended complaint. (D.E. 38). Defendants moved to strike the complaint, (D.E. 41), to which plaintiff filed a reply. (D.E.42). By Memorandum and Recommendation entered December 5, 2006, it was recommended that plaintiff be granted leave to file his amended complaint and that defendants' motion to strike be denied. (D.E. 47). On March 13, 2007, the Court adopted the recommendation. (D.E. 56). Defendants answer to the amended complaint was due within twenty days from their receipt of the March 13, order. Id. Defendants filed their amended answer on April 6, 2007. (D.E. 59). Defendants did not mail a copy of the amended answer to plaintiff until April 10, 2007, despite the certificate of service indicating an April 6, 2007 service date.

## II.  Discussion

Plaintiff argues that defendants' amended answer was due on April 2, 2007, and that the four-day delay amounts to disobedience of a court order. (D.E. 63). In addition, he points out that his copy of defendants' amended answer was post-marked April 10th, but the certificate of service was dated April 6th by defendants' counsel, Kimberly Fuchs, such that Ms. Fuchs has committed perjury. Id. He maintains that sanctions are warranted, including the striking of defendants' amended answer. Id. Ms. Fuchs admits that she both calculated the answer date incorrectly and that the post-mark date does not match the certificate of

2

service date; however, she states that the errors were unintentional and that no harm was caused to plaintiff as a result. (D.E. 64).

Rule 11 of the Federal Rules of Civil Procedure provides that a district court may impose sanctions if it determines that a pleading, motion or other paper has been submitted for an improper purpose, contains legal statements unsupported by existing law, alleges facts that are not supported by the evidence, or denies facts that are clearly supported by the evidence. See Fed. R. Civ. P. 11(b)(1)-(4). In assessing whether an attorney has met her obligations under Rule 11, this Circuit applies the "snapshot rule," measuring the attorney's conduct as of the time of the signing. FDIC v. Calhoun, 34 F.3d 1291, 1296 (5th Cir. 1996). The standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances. Whitehead v. Food Max of Mississippi, Inc., 332 F.3d 796, 802 (5th Cir. 2003). The court is to consider that, in addition to punishing the offending party, the purpose of the Rule 11 sanction is to "deter repetition by of such conduct or comparable conduct by others similarly situated." Clinton v. Jones, 520 U.S. 681, 780 n. 42 (1997) (citation omitted).

In this case, defendants' counsel admits that the amended answer was filed four days late and that it was not mailed to plaintiff on the same day as reflected by the certificate of service. However, there is no indication that either action was intentional, but instead, was simply an oversight and mistake. Moreover, plaintiff suffered no harm as a result of defendants' amended answer being filed four days late, nor did he suffer any prejudice based on the discrepancy between the mailing date of the amended answer and that reflected on the

certificate of service. Thus, there is no behavior on the part of defendants' counsel that necessitates either punishment or deterrence. There is no basis for sanctions. Accordingly, plaintiff's motion for sanctions (D.E. 63) is DENIED.

    ORDERED this 23rd day of May, 2007.

                                          _____
                                          B. JANICE ELLINGTON
                                          UNITED STATES MAGISTRATE JUDGE